# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANGELICA ANAYA ALLEN, et al.,

        Plaintiffs,

v.	No. CIV 04-19 LFG/WDS

NANCY BAER TRUCKING INC. and
BRENDA SUE LEACH,

        Defendants.

## MEMORANDUM OPINION AND ORDER

### Introduction

    THIS MATTER is before the Court on Angelica Anaya Allen and Genevieve, Patrick and Irene Allen's ("Allens" or "Plaintiffs") Motion for Partial Summary Judgment on the issue of liability, filed May 10, 2005 [Doc. No. 38]. The Motion is fully briefed [Doc. Nos. 39, 40, 47] and ready for resolution. After careful consideration of the pertinent law, pleadings and attachments, the Court concludes that there are genuine issues of material fact that preclude summary judgment as to the issue of liability. The Court's reasoning follows, along with its rulings regarding Allens' request that the Court strike or disregard Defendant Brenda Sue Leach's[1] ("Leach" or "Defendant Leach") affidavit that Defendant Nancy Baer Trucking ("Defendant" or "Defendant Nancy Baer Trucking") attached to its response.

---

[1] Plaintiffs have been unable to effect service on Defendant Leach because her current address was unknown. *See* further discussion *infra*.

**Background**

This lawsuit arises out of a motor vehicle accident that occurred on February 5, 2001 in Albuquerque, New Mexico. Allen, with her three children, was driving a Subaru station wagon that was involved in a collision with a semi-truck, driven by Defendant Leach. Allens allege that Angelica Allen and her children all suffered physical and/or emotional injuries as a result of the accident and further contend that the accident was caused by Defendant Leach's negligence. [Doc. No. 1.] While the Allens' Complaint does not expressly set out a cause of action against Defendant Nancy Baer Trucking, the parties' Initial Pre-Trial Report states that Allen seeks to hold Defendant Nancy Baer Trucking vicariously liable for Leach's alleged negligence. [Doc. No. 22, IPTR.]

**Motion for Partial Summary Judgment**

**I.    Legal Standard**

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598 (1970); Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995). The party moving for summary judgment has the initial burden of establishing, through admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986).

Once the moving party meets its burden, the party opposing the motion must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine

issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S. Ct. 2505, 2510 (1986); Biester v. Midwest Health Servs, Inc., 77 F.3d 1264, 1266 (10th Cir. 1996). The party opposing the motion may not rest upon the mere denials of his pleadings to avoid summary judgment. Fed. R. Civ. P. 56(e); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).

**II.    Analysis**

The Allens' motion for partial summary judgment argues that no genuine issue of material fact exists as to the question of liability for the accident and that Defendant Nancy Baer Trucking is 100% liable. In support of Plaintiffs' motion, the rely entirely on police officer Michael King's deposition testimony regarding his investigation of the accident. According to his deposition testimony, Officer King was dispatched to the accident and observed the result of the accident, including the positions of the vehicles and skid marks. Based on his investigation and alleged statements given by the drivers, Officer King attributed total fault for the accident to the truck driver, Defendant Leach. Officer King also testified that he issued Defendant Leach a warning citation containing an admission of fault in it that Leach signed.[2]

Defendant Nancy Baer Trucking opposes the Allens' motion on several grounds: (1) Plaintiffs did not identify or qualify Officer King as an expert witness and therefore, his ultimate assessment of liability is inadmissible opinion testimony and/or hearsay; and (2) Defendant Leach's affidavit testimony, attached to the response, raises genuine issues of material fact regarding which driver was at fault and/or whether both drivers were partially at fault.

---

[2]This warning citation was not provided as an exhibit and may not have been located by the parties during discovery. Moreover, the issuance of a citation is inadmissible as evidence.

The Court agrees that Officer King's testimony cannot be relied upon for the ultimate conclusion of who was at fault for the accident. Officer King was not qualified as an expert witness under Rule 702, and he was not present when the accident occurred. While, as a fact witness, he can testify as to his observations, he cannot offer opinion testimony as to fault. Opinion testimony is reserved for those who qualify as expert witnesses. Fed. R. Evid. 702 and corresponding Advisory Committee Notes. Furthermore, his testimony that Defendant Leach admitted liability is inadmissible. While admissions by a party opponent are not hearsay, Fed. R. Evid. 801(d)(2), they are admissible only if the offering party can establish certain foundational requirements as set out in the rule. As of this time, Plaintiffs have failed to establish those requirements. Thus, it is unclear whether any alleged admissions by Leach might be admissible at this point. Accordingly, the Court finds that Plaintiffs are not entitled to summary judgment because there are genuine issues of material fact for a jury to decide as to the question of liability.

In Plaintiffs' reply, they urge the Court to strike Defendant Leach's affidavit because of Defendant Nancy Baer Trucking's failure to provide Plaintiffs with Leach's current address. Even if the Court were to disregard Leach's affidavit, it still would deny summary judgment because, as stated above, Officer King's testimony is improper opinion or may be hearsay testimony.

However, the Court is concerned that Defendant Nancy Baer Trucking clearly knew of Leach's address, at least as of May 18, 2005 (the date Leach signed her affidavit), but did not supplement previous discovery responses and information with Defendant Leach's current address. According to Plaintiffs, Defendant consistently denied knowing Defendant Leach's current address and/or provided Plaintiffs with a last known address, at which Leach no longer resided. Plaintiffs' efforts to effect service on Defendant Leach were unsuccessful because they were unable to locate

4

Leach. Discovery in this case closed on April 7, 2005, and it appeared that Plaintiffs were going to dismiss Defendant Leach from the lawsuit.

Now that Leach has been located, the Court directs Defendant to provide counsel for Plaintiffs with Leach's current address, within ten days after entry of this Order. Plaintiff may then arrange a mutually convenient date to take Leach's deposition up until ten days before the trial date in this case and/or proceed to effect service on Leach. Should Plaintiffs elect to effect service on Leach, the Court will vacate the trial date and permit additional discovery, as needed.

The Court cautions counsel for Defendant that the rules of civil procedure require supplementation of initial disclosures and discovery responses when a party learns that prior disclosed information was incomplete or incorrect. Fed. R. Civ. P. 26(e). Moreover, Rule 37 provides that a party who, without substantial justification, fails to disclose information required by Rule 26(a) or 26(e), will not be permitted to use the evidence (not previously supplemented or disclosed) during trial or for purposes of a motion, unless the failure is harmless. Fed. R. Civ. P. 37(c)(1). The Court is also authorized to assess additional sanctions depending on the circumstances.

In this case, the Court does not know what justification, if any, Defendant had for not disclosing Ms. Leach's current address. However, because any prejudice to Plaintiffs can be cured by permitting Plaintiffs to depose Leach before the trial date and/or effect service of process on her, the Court elects not to sanction Defendant on this occasion.

IT IS THEREFORE ORDERED that:

(1) Plaintiffs' Motion for Partial Summary Judgment [Doc. No. 38 is DENIED;

(2) Defendant shall provide Plaintiffs with Defendant Leach's current address within ten days after entry of this Order;

     (3) Plaintiffs will be permitted to take Leach's deposition up until ten days before the trial date in this case; and/or

     (4) Plaintiffs may proceed by effecting service on Leach, in which case the parties should inform the Court of the need to vacate and re-set the current August 1, 2005 trial date.

 

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge