# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANGELICA ANAYA ALLEN, et al.,

        Plaintiffs,

v.   No. CIV 04-19 LFG/WDS

NANCY BAER TRUCKING INC. and
BRENDA SUE LEACH,

        Defendants.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Motions in Limine filed by Defendant Nancy Baer Trucking Inc.[1] ("Defendant" or "Nancy Baer"): (1) Motion in Limine to Limit the Testimony of Laurie Hause and Dr. Daniel Kerlinsky, filed May 26, 2005 [Doc. No. 44]; and (2) Motion in Limine to Limit the Testimony of Officer Mike King, filed may 26, 2005 [Doc. No. 45]. On June 9, Plaintiffs filed responses to the motions in limine [Doc. Nos. 52, 53]. The Court determines that there is no need for reply briefs to be filed.

---

[1] To date, Plaintiffs have not effected service of process on Defendant Leach, and Plaintiffs have been required to respond to an Order to Show cause why Leach should not be dismissed from this action, without prejudice.

## Background

This lawsuit arises out of a motor vehicle accident that occurred on February 5, 2001 in Albuquerque, New Mexico. Angelica Anaya Allen ("Ms. Allen"), with her three children, was driving a Subaru station wagon that was involved in a collision with a semi-truck, driven by Defendant Leach. Plaintiffs (Ms. Allen and her three children) allege that they all suffered physical and/or emotional injuries as a result of the accident and further contend that the accident was caused by Defendant Leach's negligence. [Doc. No. 1.] While Plaintiffs' Complaint does not expressly set out a cause of action against Defendant Nancy Baer Trucking, the parties' Initial Pre-Trial Report states that Plaintiffs seek hold Defendant Nancy Baer Trucking vicariously liable for Leach's alleged negligence. [Doc. No. 22, IPTR.]

The trial in this matter is scheduled for August 1, 2005.

## Discussion

**I.      Defendant's Motion in Limine to Limit Testimony of Hause and Kerlinsky**

According to Plaintiffs, Ms. Hause (a psychotherapist) and Dr. Kerlinsky are treating healthcare providers for Ms. Allen. [Doc. No. 52.] Plaintiffs assert that both providers will give testimony at trial that Ms. Allen suffered post traumatic stress disorder ("PTSD") as a result of the automobile accident at issue, "which was intensified by [Ms. Allen's] belief that her infant daughter who was sitting in the back seat, had been killed in the collision . . . ." In other words, Plaintiffs intend to have both Ms. Hause and Dr. Kerlinsky testify as to their treatment of Ms. Allen stemming from the automobile accident, their diagnoses, and the bases for their diagnoses, including causation, along with their prognoses and estimates for future treatment.

Plaintiffs did not designate either Ms. House or Dr. Kerlinsky as experts under Rule 26(a)(2), for whom expert reports would have been required. In Plaintiffs' portion of the Initial Pre-Trial Report, they identified Ms. Hause and Dr. Kerlinsky as treating health care providers who would testify as to treatment provided to Ms. Allen, and "[i]n particular, the PTSD diagnosed by Daniel Kerlinsky, M.D. and Laurie Hause to be suffering by Plaintiff Angelica Anaya Allen." [IPTR] Plaintiffs' Initial Disclosures contain similar descriptions for Ms. Hause and Dr. Kerlinsky. According to Defendant, Plaintiffs never disclosed, at any time (until now), that Ms. Hause or Dr. Kerlinsky would provide expert opinions as to causation of Ms. Allen's injuries or the need for future medical care. Thus, because Plaintiffs did not properly identify Ms. Hause or Dr. Kerlinsky as experts, nor provide Rule 26 expert reports, Defendant argues that their testimony must be limited to the injuries of Ms. Allen that Ms. Hause and Dr. Kerlinsky personally observed and the treatment they provided to her. Defendant further asserts that any testimony as to causation and future medical treatment or costs should be excluded.

The issue presented by Defendant's motion in limine is whether a treating physician/examining healthcare provider is a fact witness or an expert witness, subject to the expert witness requirements set forth under Fed. R. Civ. P. 26, and/or the extent to which a treating physician can provide expert testimony, without complying with Rule 26 expert disclosure requirements. The Advisory Committee Notes to Rule 26 state the following:

> The requirement of a written [expert] report in paragraph (2)(B) [of Rule 26(a)], however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. *A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.*

3

Advisory Committed Notes to 1993 Amendments to Rule 26(a)(2) (emphasis added).  The District of New Mexico's federal local rules also state that "Treating physicians need not prepare an expert report as required by Fed. R. Civ. P. 26(a)(2)(B)."  D.N.M. LR-Civ 26.3(b).

It is clear that a treating physician/healthcare provider may provide testimony at trial, without the need for an expert report, if the provider's testimony does not exceed the scope of diagnosis and treatment.  Davoll v. Webb, 194 F.3d 1116, 1138 (10th Cir. 1999).  *See* Watson v. United States, 2005 WL 1074960 (W.D. Okla. 2005) ("well-accepted that a treating physician is not required to submit an expert report so long as the physician does not purport to testify beyond the scope of the diagnosis and treatment"); *see also* Wreath v. United States, 161 F.R.D. 448, 450 (D. Kan. 1995) ("[c]learly, treating physicians testifying only to the care and treatment afforded to a party were intended to be excluded from the requirements of Fed. R. Civ. P. 26(a)(2)(B)," as supported by a careful reading of that rule).

However, if the healthcare provider's testimony "extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specially retained to develop specific opinion testimony," he must comply with the Rule 26 expert requirements.  Wreath, 161 F.R.D. at 450.

> To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed. R. Evid. 702, 703 and 705.

Id.

Notwithstanding the many court opinions regarding this issue, there is a split of authority[2] as to whether a treating physician is a fact witness or an expert witness for purposes of requiring a Rule 26 expert report. Moreover, guidance from courts as to whether a treating physician can testify as to issues like causation and future prognosis and treatment is not always clear.

Here, Defendant does not argue that Ms. Hause and Dr. Kerlinsky should be precluded from testifying about their treatment of Ms. Allen, along with their diagnoses. Rather, they seek to exclude these healthcare providers from testifying about "causation and future medical treatment and costs."

The Court agrees that Ms. Hause and Dr. Kerlinsky may testify about their treatment and examination of Ms. Allen, including their direct observations of Allen and her alleged injury, the extent of her alleged injury, and their diagnoses related to their care of Ms. Allen. However, if these healthcare providers were specially retained to develop an expert opinion or if they obtained information about Ms. Allen not learned during the course of treatment, that testimony would not be permitted. In other words, if Ms. Hause and Dr. Kerlinsky were supplied outside information from counsel or others for purposes of litigation, Rule 26 expert disclosures would be required before they could provide opinion testimony. In addition, Ms. Hause and Dr. Kerlinsky may not be asked about medical issues unrelated to their diagnoses and treatment of Ms. Allen.

As to whether Ms. Hause and Dr. Kerlinsky will be permitted to testify on issues of causation for Ms. Allen's alleged injuries, the Court observes that "[t]he majority of federal courts considering the issue of whether treating physicians are subject to reporting requirements when presented to

---

[2]The District Court of Maryland characterized the treating physician as a "hybrid witness for whom no Rule 26(a)(2)(B) disclosures are required. As such, a treating physician can be a fact witness for some purposes and a retained or consulting expert witness for other purposes. Ngo v. Standard Tools and Equipment, Co. Inc., 197 F.R.D. 263, 266 (D. Md. 2000).

provide opinion testimony on prognosis, causation, . . ., have concluded treating physicians are not subject to these requirements, so long as the opinions stem from treatment." Goeken v. Wal-Mart Stores, Inc., 2001 WL 1159751 at *3 (D. Kan. Aug. 16, 2001) (*citing* Christopher W. Dyer, Note, "Treating Physicians: Fact Witnesses or Retained Expert Witnesses in Disguise? Finding a Place for Treating Physician Opinions in the Iowa Discovery Rules," 48 Drake L. Rev. 719, 727-31 (2000)). The prevailing view is that to the extent that a healthcare provider's opinions about the cause of an injury are a necessary part of a patient's treatment, treating physicians may present opinion testimony on causation without the need for a Rule 26 expert report. Washington v. Arapahoe County Dep't of Social Servs., 197 F.R.D. 439, 442 (D. Colo. 2000). Opinions about cause of an injury, "based on examination of the patient" and the degree of injury in the future "are a necessary part of the treatment of the patient." Id. *See also* Goeken, 2001 WL 1159751 at *3 (treating physicians commonly consider the cause of any medical condition presented by their patient, the diagnosis, the prognosis and the extent of injury or disability, if any, as well as the degree of injury, the prognosis, and the course of future medical treatment).[3]

Therefore, the Court will permit Ms. Hause and Dr. Kerlinsky to testify about their treatment and direct examination of Ms. Allen, their diagnoses related to treatment and care provided, and their opinions as to causation and future medical treatment "[s]o long as [this testimony is] based on the

---

[3] Defendant cited Parker v. Central Kansas Medical Center, 57 Fed. Appx. 401, 2003 WL 408109 (10th Cir. Feb. 24, 2003), for the proposition that a physician's opinions regarding standard of care and causation were properly excluded from trial because they consisted of expert testimony relating to treatment beyond that which was incidental to the plaintiff's personal care and/or treatment. The Court does not find this Tenth Circuit opinion to be controlling because it is distinguishable. In that case, the physician "related to the standard of care regarding another physician's refusal to treat and to the causation of complication allegedly resulting from delay in treatment" Id. at *3. Under those circumstances, the doctor should have been identified as an expert and complied with Rule 26 expert disclosure requirements. Such is not the case here, where Ms. Hause and Dr. Kerlinsky purportedly were Ms. Allen's treating physicians.

physician's personal knowledge gained from the care and the treatment of the plaintiff." Id. at *3. With respect to any testimony about future costs of such medical treatment, or present and future value of such care, the Court agrees with the District Court of Kansas when it stated that these opinions "go beyond the facts and ordinary course of a treating physician's care and treatment of a party." Id.

Thus, Defendant's Motion in Limine is denied as to preventing Ms. Hause and Dr. Kerlinsky from testifying about causation and future medical treatment and sustained as to any testimony about costs of future medical treatment and its present or future value.

## II.     Plaintiffs' request to add Sarah Brennan as a treating physician witness and to disclose Ms. Brennan as an expert witness

The first problem with Plaintiffs' belated request is that it is improperly raised by way of Plaintiffs' response to Defendant's motion in limine regarding testimony of other health care providers. *See* Administrative Order 92-88 (separate pleadings required for each matter that a ruling of the Court is sought).   The request could be denied on this basis alone.

The more fundamental problem with Plaintiffs' request is that it is untimely.  Plaintiffs' deadline to identify its experts was early in February 2005.  While Defendant requested and received an extension to identify its experts, the Court finds no similar timely request made by Plaintiffs. Plaintiffs imply that the Court could grant their request since Ms. Brennan already has been disclosed to Defendant as the current psychotherapist for Ms. Allen.  The Court finds Plaintiffs' argument unpersuasive.  Therefore, the Court denies Plaintiffs' request to add Ms. Brennan as a treating physician witness and/or to disclose her an expert witness.

**III.     Defendant's Motion in Limine to Limit the Testimony of Officer King**

Officer Mike King, of the Albuquerque Police Department, responded to the automobile accident at issue on February 5, 2001. He did not observe the accident as it occurred, but he investigated the accident and spoke to the parties. Officer King purportedly issued a warning citation to Defendant Leach, and opines that Leach is entirely at fault for the accident. Plaintiffs did not designate Officer King as an expert, nor supply an expert report.

Defendant argues that Officer King's testimony should be limited to that information of which he had personal knowledge. The motion in limine requests that Officer King be precluded from testifying about the reconstruction of the accident and the liability of the parties. Plaintiffs argue that Officer King, as the investigating officer, should be permitted to give expert opinions because he was not "retained or specially employed to provide expert testimony." *See* Fed. R. Civ. P. 26(a)(2)(B). Instead, it is Plaintiffs' position that Officer King may provide expert opinions, without the need to comply with Rule 26 expert disclosures, because he was identified as someone who may present evidence under Rules 702, 703 or 705. Fed. R. Civ. P. 26(a)(2)(A).

The Court finds no legal authority that supports Plaintiffs' position that Officer King be permitted to testify as an expert without having to comply with the Rule 26 expert disclosure requirements. If Officer King could have been qualified as an accident reconstruction expert who had opinions on liability, then Plaintiffs should have designated him as an expert and supplied the required expert report.

The Court determines that the testimony of Officer King is limited to his rational perceptions of the facts he observed during his investigation of the accident scene, including positions of vehicles, skid marks, and damage to the vehicles. It would be prejudicial to permit a non-expert investigating

the accident scene to give opinions on crucial fact determinations regarding liability when the officer did not witness the accident. In addition, Officer King will not be permitted to testify about the warning citation allegedly issued to Defendant Leach where there has been no legal determination that Leach was negligent or liable for the accident. Accordingly, Defendant's motion in limine as to Officer King's testimony is granted.

IT IS THEREFORE ORDERED that:

(1)  Defendant's Motion in Limine to Limit the Testimony of Laurie Hause and Dr. Daniel Kerlinsky [Doc. No. 44] is GRANTED in part and DENIED in part, as described herein;

(2)  Plaintiff is not allowed to list Sarah Brennan as a treating physician witness or an expert witness; and

(3)  Defendant's Motion in Limine to Limit the Testimony of Officer Mike King [Doc. No. 45] is GRANTED as described herein.

 

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge