# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANGELICA ANAYA ALLEN, et al.,

        Plaintiffs,

v.                                                                                                  No. CIV 04-19 LFG/WDS

NANCY BAER TRUCKING INC. and
BRENDA SUE LEACH,

        Defendants.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Defendant Nancy Baer Trucking Inc's ("Defendant" or "Nancy Baer") Motion to Dismiss for Failure to State a Claim, filed May 26, 2005 [Doc. No. 43] and Plaintiffs' ("Plaintiffs" or "Ms. Allen") Motion to Amend Complaint, filed June 20, 2005 [Doc. No. 59.] Plaintiffs did not file a response to the motion to dismiss, and therefore, the motion is ready for resolution. There is no need for a response to Plaintiffs' motion to amend. The Court resolves both motions based on the reasoning set out below.

### Background

This lawsuit arises out of a motor vehicle accident that occurred on February 5, 2001 in Albuquerque, New Mexico. Ms. Allen and her three children were driving a Subaru station wagon that was involved in a collision with a semi-truck, driven by Defendant Leach. Plaintiffs allege that

they all suffered physical and/or emotional injuries as a result of the accident and further contend that the accident was caused by Defendant Leach's negligence. [Doc. No. 1.] While Plaintiffs' Complaint does not expressly set out a cause of action against Defendant Nancy Baer Trucking, the parties' Initial Pre-Trial Report states that Plaintiffs seek to hold Defendant Nancy Baer vicariously liable for Leach's alleged negligence. [Doc. No. 22, IPTR.]

**Defendant's Motion to Dismiss for Failure to State a Claim**

A 12(b)(6) motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded facts, and reads all reasonable inferences in favor of the plaintiff. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). The issue is not whether the plaintiff will prevail, but whether she is entitled to offer evidence in support of her claim(s). Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds*, Davis v. Scherer, 468 U.S. 183 (1984). The Tenth Circuit has observed that the federal rules "'erect a powerful presumption against rejecting pleadings for failure to state a claim.'" Maez v. Mountain States Tel. and Tel., Inc., 54 F.3d 1488, 1496 (10th Cir. 1995) (internal citation omitted). Nonetheless, a plaintiff must allege sufficient facts to outline a cause of action. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, Defendant Nancy Baer argues that the complaint against it[1] should be dismissed for failure to state a claim because the allegations in Plaintiffs' Complaint are directed almost exclusively

---

[1] To date, Plaintiffs have not effected service on Defendant Leach. The Court has entered an Order to Show Cause requiring Plaintiffs to provide a reason why Defendant Leach should not be dismissed from this action for failure to effect service within the deadline. Plaintiffs' response is not yet due.

at Defendant Leach. The Court previously indicated that it appears both parties recognized that Plaintiffs intended to assert a claim of vicarious liability against Defendant Nancy Baer allegedly for the negligence of its driver Leach. However, as recognized, the Complaint fails to assert any cause of action against Nancy Baer. [Doc. No. 1.] The sole allegation against Nancy Baer in the Complaint addresses Defendant's place of incorporation. [Doc. No. 1, ¶ 3.]

Plaintiffs did not file a response to this Motion to Dismiss. The District of New Mexico's local rules provide that the failure of a party to file and serve a response in opposition to a motion within the time limits "constitutes consent to grant the motion." D.N.M. LR-Civ 7.1(b). However, the Tenth Circuit has provided guidance as to how the Court must handle a party's failure to respond to a motion for summary judgment. In Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002), the Court explained that the nonmovant's burden to respond arises only where the summary judgment motion is properly "supported."

> Accordingly, summary judgment is 'appropriate' under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the evidence produced in support of the summary judgment motion does not meet this burden, ' summary judgment must be denied, *even if no opposing evidentiary matter is presented.*

Id. (emphasis in original) (internal citation omitted).

Here, the Court will not grant the motion to dismiss on the sole ground that Plaintiffs did not respond to the motion, even though Plaintiffs' counsel is advised that it is never wise to allow a case dispositive motion to go unanswered. The Court denies the motion primarily because the Initial Pre-Trial Report, filled out and signed by both parties, states that "Plaintiffs allege that the accident was caused by the negligence of Defendant Brenda Sue Leach and that Defendant Nancy Baer Trucking, Inc. is vicariously liable for Defendant Leach's actions." [Doc. No. 22, p. 2.] Defendant, at that

3

time, did not indicate in the Initial Pre-Trial Report that it intended to file a motion to dismiss for failure to state a claim.  Instead, it stated only that it intended to file a motion to dismiss based on lack of subject matter jurisdiction and motions in limine.  Indeed, Plaintiffs stated they intended to file an unopposed motion to dismiss Defendant Leach, which would have left only Defendant Nancy Baer in the lawsuit.  In addition, Defendant stipulated that driver Leach was employed by Nancy Baer when the accident occurred.  Moreover, Defendant did not set out any "exception" to statements made in the Initial Pre-Trial Report, even though the form allows each party to provide exceptions if the parties cannot agree to certain recitations within the IPTR.

Fed. R. Civ. P. 16(e), captioned "Pretrial Orders," provides that an order that is entered after any conference is held, pursuant to Rule 16, "shall control the subsequent course of the action unless modified by a subsequent order."  On various occasions, courts have held that pretrial orders supersede all pleadings and establish the issues to be considered at trial.  *See, e.g.,* Harvey Barnett, Inc. v. Shidler, 338 F.3d 1125, 1132 n. 10 (10th Cir. 2003); Miller v. Pfizer Inc., 196 F. Supp. 2d 1095 (D. Kan. 2002), *aff'd*, 356 F.3d 1326 (10th Cir.), *cert. denied*, 125 S.Ct. 40 (2004).  Here, the Initial Pre-Trial Report was entered after the parties met with the Court pursuant to Rule 16.  Thus, the Court concludes that the Initial Pre-Trial Report, that sets forth the vicarious liability claim, is a pretrial order, as contemplated by Rule 16(e) that supersedes Plaintiffs' Complaint.

Such a ruling is consistent with the aim of Rule 16 whose "laudable purpose" "is to avoid surprise, not foment it."  Okland Oil Company v. Knight, 92 Fed. Appx. 589, 2003 WL 22963108 at *11 (10th Cir. Dec. 17, 2003).  Since Defendant Nancy Baer cannot claim to be surprised by the vicarious liability claim under the circumstances of this case, there is no basis to grant the motion to

dismiss for failure to state a claim. Moreover, the Court concludes that Plaintiffs have alleged sufficient facts to outline a cause of action against Nancy Baer.

For all of the above-stated reasons, Defendant's motion to dismiss for failure to state a claim will be denied.

### Plaintiffs' Motion to Amend

Plaintiffs filed a motion to amend on June 20, 2005, well after the substantive motion filing deadline in this case. In their motion, Plaintiffs seek to add the claim of vicarious liability against Nancy Baer, which they argue was inadvertently left out of the original complaint. The Court denies Plaintiffs' motion to amend based on its ruling above that the vicarious liability claim already is a part of this case as set forth in the Initial Pre-Trial Report. The Court also denies the motion to amend on grounds of untimeliness. All substantive motions were to be filed no later than May 26, 2005. Plaintiffs' motion to amend was filed almost a month late. The parties are well aware that this case is already scheduled for trial on August 1, 2005, and the Court will not address untimely filed motions at this stage of the litigation.

IT IS THEREFORE ORDERED that Defendant Nancy Baer Trucking Inc's Motion to Dismiss for Failure to State a Claim [Doc. No. 43] is DENIED, with the result that the vicarious liability claim against Nancy Baer proceeds to trial; and Plaintiffs' Motion to Amend [Doc. No. 59] is DENIED.

                                        *Lorenzo F. Garcia*
                                        Lorenzo F. Garcia
                                        Chief United States Magistrate Judge