**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANGELICA ANAYA ALLEN,
Individually and as the Mother of
GENEVIEVE, PATRICK, and
IRENE ALLEN, Minor Children,

           Plaintiffs,

v.                                                                                                  No. CIV 04-19 LFG/WDS

NANCY BAER TRUCKING INC.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's Motion in Limine [Doc. 85] to exclude certain of Plaintiffs' exhibits and portions thereof, and Defendant's Motion for Reconsideration [Doc. 86] of the Court's letter order of July 22, 2005. Both motions were filed herein on August 1, 2005 and delivered to the Court on the first day of trial of this case. No response is necessary. For the reasons stated below, the Court will grant the Motion for Reconsideration to clarify its earlier ruling, and will deny the Motion in Limine with conditions.

On July 22, 2005, the Court sent a letter to counsel for both parties in this case, outlining issues still remaining in the case as trial approached and setting forth particular evidentiary rulings the Court intended or expe7cted to make at trial. Paragraph 4 of the letter reads as follows:

> 4. The Court will admit Plaintiffs' Exhibits 14, 16, 18 and 20, Index to Medical Bills, as these appear to be appropriate summaries of medical bills for each Plaintiff. Summaries may properly be submitted under Fed. R. Evid. 1006. This ruling on admissibility is contingent, of course, on the accuracy of the summaries and the

> requirement that originals or duplicates of the documents summarized are available for opposing counsel's inspection.
>
> So, too, the Court admits the Summary of Medical Records for each Plaintiff, Exhibits 15, 17, 19 and 21. Again, summaries are appropriate for voluminous records under Evidence Rule 1006, with the prior proviso applicable, that is, that the summaries are accurate and that the original or duplicate copies of the records summarized are available for counsels' inspection.

By these two motions, Defendant objects to admission of all or parts of the Index to Medical Bills and the Summary of Medical Records for the Plaintiffs on grounds the records cannot be authenticated and are not accurate.

Fed. R. Evid. 1006 permits the presentation in the form of a chart, summary, or calculation, of evidence consisting of voluminous writings, recordings, or photographs which cannot conveniently be examined in court so long as the originals are made available for examination and copying by opposing parties. "The materials upon which the summary is based need not themselves be admitted into evidence . . . . Admission of summaries, however, is conditioned on the requirement that the evidence upon which they are based, if not admitted, must be admissible." United States v. Samaniego, 187 F.3d 1222, 1223 (10th Cir. 1999). The Court's letter ruling authorizing summaries presupposed that Plaintiff would fulfill these requirements; it did not eliminate the requirement that all conditions for admissibility under the Rule be met. In addition to the letter, the Court orally advised counsel of this ruling from the bench prior to commencement of trial.

To the extent Defendants seek to exclude medical bill indexes and medical record summaries, the Court has determined that its prior order authorizing summaries is appropriate, conditioned on Plaintiffs fulfilling the prerequisites of Rule 1006. If Plaintiffs do not, the summaries and indexes will not be admitted.

## Order

IT IS THEREFORE ORDERED that Defendant's Motion to Reconsider [Doc. 86] is granted, and the Court having reconsidered the matter finds that its prior ruling was appropriate and will not be disturbed;

IT IS FURTHER ORDERED that Defendant's Motion in Limine to exclude certain exhibits and portions thereof [Doc. 85] is denied, conditioned upon Plaintiffs fulfilling all requirements for admission of the exhibits in question.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge