IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGELICA ANAYA ALLEN,
individually, and as the mother
of Genevieve, Patrick and Irene
Allen, minor children,

        Plaintiff,

vs.                                       CIVIL NO.   04-19 LFG/WDS

NANCY BAER TRUCKING, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO ENJOIN DEFENDANTS
## AND TO SEAL COURT FILE

THIS MATTER is before the Court on Plaintiff's Motion Regarding Confidentiality of Medical Records and Testimony and Motion for an Order Sealing the Court File [Doc. 96]. As this motion does not affect opposing party, no response is necessary. For the reasons stated hereafter, the motion is DENIED.

This lawsuit involved, in part, Plaintiff Angelica Anaya Allen's ("Allen") contention that she suffered post-traumatic stress disorder as a result of an auto accident that occurred on February 5, 2001. As part of case preparation, Defendant performed a Fed. R. Civ. P. 35 independent psychological evaluation, and the defense expert, Dr. Samuel Roll, testified both during deposition and at trial concerning his findings and opinions.

So, too, Allen presented testimony of her own physicians, Dr. Daniel Kerlinsky and Dr. Jack Zipper and her counselor Laurie Hause concerning their evaluation and opinions. It is undisputed that the parties contemplated entering into a confidentiality order during the discovery process. However, the proposed confidentiality order was never executed or approved by the Court.

Allen now requests that the Court prohibit the dissemination of materials received by Defendant. She further requests that the Court seal the court file and that trial and deposition testimony "be ordered destroyed or sealed, and not published beyond what has already been disseminated to jurors and those who attended the trial."

In support of her motion, Allen notes that the Court has authority under Fed. R. Civ. P. 26 to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Additionally, Allen cites an 11th Circuit case, <u>Wilson v. American Motors Corp.</u>, 759 F.2d 1568, 1570-71 (11th Cir. 1985), for the proposition that a court has authority, in unique cases, to seal records containing highly sensitive information about individuals.

There is no dispute that in unusual circumstances the Court has authority to enter such orders. However, closing files and sealing records is a most unusual procedure. Indeed, the court in the <u>Wilson</u> case ordered that the record be unsealed, and in a subsequent decision by the 11th Circuit involving a request to proceed by pseudonym, the court stated:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

<u>Doe v. Frank</u>, 951 F.2d 320, 324 (11th Cir. 1992).

Our own circuit has considered the propriety of sealing records or allowing a party to proceed by way of pseudonym. For example, in <u>M.M. v. Zavaras</u>, 139 F.3d 798 (10th Cir. 1998), a case involving an indigent pregnant inmate who wished to obtain an abortion and was bringing an action against the Department of Corrections for refusal to pay for medical services, the court noted and

recognized the plaintiff's privacy interests. The court, however, declined to allow the plaintiff to proceed by way of pseudonym and to seal the complaint even though there would be evidence presented about the abortion which would be embarrassing to the plaintiff. In denying the request, the trial court stated:

> The use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed, it seems contrary to Fed. R. Civ. P. 10(a) which requires the names of all parties to appear in the complaint. [*Citing* Coe v. U.S. District Court, 676 F.2d 411 (10th Cir. 1982)]. Moreover there is no express congressional grant of a right to proceed anonymously. There are a number of cases which recognize that identifying a party only by pseudonym is an unusual procedure. None of them, however, points to any precise authority for the practice . . . .

Id. at 800. The trial court further noted that in the few cases where the propriety of the practice of allowing a party to proceed anonymously arises, the court is required to balance competing interests.

> We begin with the fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view . . . . Courts are public institutions which exist for the public to serve the public interests. Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society.

Id.

The appellate court noted that a request to allow a party to seal files or to proceed by way of pseudonym requires balancing the scales between the public interests and the rights to privacy advanced by a moving party. In Zavaras, there were public policy considerations involving the expenditure of funds to pay for medical services for an inmate, and the court concluded, "whatever interest in privacy is claimed on behalf of the plaintiff, the numerous countervailing public interests clearly and decisively outweigh it."

The Court therefore rejected the contention that the plaintiff's interests in privacy outweighed the public's right to know.  Indeed, the court noted that the plaintiff "already suffered the worst of the publicity and embarrassment by being named . . . [a party] in a . . . trial . . . ."  Id., at 798, 802.

So, too, here.  Allen prosecuted this case in her name.  Because she was asserting substantial damages, claiming post-traumatic stress syndrome as a result of the accidental injury, she voluntarily put her own emotional condition at issue, thus entitling Defendants the right to an independent psychological evaluation.  See Fed. R. Civ. P. 35.

Evidence relating to the independent evaluations was presented in to a public trial. Proceedings were not closed and any member of the public who may have been interested was entitled to be present in the courtroom.  The case was presented to a citizen jury which heard details of Allen's life, including other stressors which she suffered during her life, both before and subsequent to the accident which could have caused or contributed to the cause of her claimed post-traumatic stress syndrome.  A verdict in Allen's favor was returned by the jury, but no notice of appeal has been filed as yet, thus, there is no need for a trial transcript, and the likelihood that any party or any member of the public would order and pay for the preparation of a trial transcript is exceedingly unlikely.

The same is true with trial exhibits.  When no appeal is filed, the Clerk of Court returns exhibits submitted at trial to the party that offered the exhibits.  Thus, any medical records that were submitted during the course of the trial and received into evidence will be returned to the offering party.

While Allen may be concerned that there will be public disclosure of her psychological condition, that concern is not sufficient to compel the sealing of this lawsuit.  "The risk that a plaintiff may suffer some embarrassment is not enough."  Zavaras, at 803.

4

The same conclusion was also reached by the 10th Circuit in Femedeer v. Haun, 227 F.3d 1244 (10th Cir. 2000). That case involved a convicted sex offender's 42 U.S.C. § 1983 action challenging Utah's sex offender registration and notification statute. The plaintiff sought to proceed by way of fictitious name. The 10th Circuit recognized, "there may be exceptional circumstances warranting some form of anonymity in judicial proceedings." *Citing* the 11th Circuit's decision in Doe v. Frank, the 10th Circuit concluded that sealing records and allowing a party to proceed anonymously should be reserved to "those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure . . . ." Id., at 1246.

The 10th Circuit found no such exceptional circumstances in Femedeer that would warrant closed proceedings. The court stated:

> While we appreciate Appellee's interest in attempting to prevent disclosure of his status as a sex offender, such disclosure has presumably already occurred in the underlying conviction. Further, Appellee has not established, real, imminent personal danger, and the disclosure of Appellee's identity in the caption of this lawsuit is not coterminous to the harm he is seeking to avoid by filing this claim.

Id., at 1246.

So, too, here. Allen has not demonstrated the risk of any real harm beyond that which, if at all, has already occurred. Allen's sensitivity to disclosure of testimony does not suffice to close a public record.

A final consideration involves administrative difficulty. The District of New Mexico was the nation's leader in the development of electronic filling. Under the district's current ACE program, judicial officers and courts throughout the country, both state and federal, as well as all subscribers have access to public records via the Internet. All pleadings in this case were either electronically

5

filed or scanned, and were posted in accord with the ACE program protocols. Even if Allen's motion to seal the physical case file was granted, Internet postings from the file were made on the date each pleading was filed. There is no way to "unread" documents which may already have been read. This is an egg which cannot be unscrambled.

Moreover, sealing court files imposes significant administrative burdens on court staff and requires significant specialized handling procedures. Nothing in Allen's motion warrants the imposition of these administrative burdens on the Court or its staff.

Finally, the Court is unable to grant the relief to enjoin Defendants's law firms as requested. First, Allen has not demonstrated the requisites for a preliminary injunction. *See*, American Civil Liberties Union v. Johnson, 194 F.3d 1149, 1155 (10th Cir. 1999). Secondly, while the parties may have contemplated entering into a confidentiality order, it is clear that no order was ever entered. Under these circumstances, the Court must DENY the request to enjoin Defendant's law firm.

In sum, the Court finds that Allen has not demonstrated that this is one of those few exceptional case where the requested relief should be granted, nor has she demonstrated any real danger of physical harm, nor that the injury litigated against would be incurred as a result of the disclosure of her psychological information.

IT IS ORDERED that Allen's motion [Doc. #96] is DENIED.

                                                Lorenzo F. Garcia
                                                Chief United States Magistrate Judge