IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGELICA ANAYA ALLEN,
individually, and as the mother
of Genevieve, Patrick and Irene
Allen, minor children,

        Plaintiff,

vs.                                                     CIVIL NO.   04-19 LFG/WDS

NANCY BAER TRUCKING, INC.,

        Defendant.

## AMENDED[1] MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO TAX COSTS

THIS MATTER is before the Court on Plaintiff Angelica Anaya Allen's ("Allen") Motion to Tax Costs [Doc. 98]. Defendant Nancy Baer Trucking, Inc. ("Nancy Baer") filed its response in opposition [Doc. 102], and Allen filed a reply [Doc. 103]. Allen filed her Notice of Completion of Briefing on September 23, 2005 [Doc. 104]. Oral argument is not necessary.

### Background

Allen, acting individually and on behalf of her minor children, Genevieve, Patrick and Irene, brought a personal injury lawsuit against Nancy Baer. The lawsuit was filed in federal court based on the diversity of citizenship and the amount in controversy. 28 U.S.C. § 1332.

Nancy Baer challenged the Court's jurisdiction, alleging that the amount in controversy was well below the $75,000 jurisdictional threshold and that the federal court lacked jurisdiction. In pretrial motion practice, at the close of Allen's case, and again at the close of all of the evidence,

---

[1] The previous Memorandum Opinion and Order [Doc. 106] is amended to include one item, Plaintiff's deposition cost of $473.83, omitted from the list of Allowable Taxable Costs at page 7.

Nancy Baer moved to dismiss and allow Allen to proceed with her lawsuit in New Mexico state courts. Allen vigorously opposed the request to have this case heard in a state forum and successfully argued that the case was properly before the federal court. The Court agreed and denied Nancy Baer's motions to dismiss based on lack of jurisdiction.

Allen prevailed in this lawsuit with a jury returning a verdict in her favor in the amount of $26,600. The jury unanimously found that Brenda Sue Leach, Nancy Baer's employee, was 100% at fault and assessed no fault against Allen or any other non-party. Thus, judgment in favor of the Allens was entered consistent with the jury's verdict. Allen is the prevailing party and entitled to an award of taxable costs.

## State Law v. Federal Law

The thrust of Allen's motion to tax costs is that the federal Court should not apply federal law, but, rather, should apply the law of the forum state, New Mexico, which is far more liberal in awarding costs to prevailing parties. For example, under New Mexico State law, the trial judge has discretion to award expert fees as costs when the expert testified in the case either at deposition or at trial. Rule 1054 N.M. RA, *see also*, N.M.S.A. 1978 § 38-6-4. As this was an expert-laden case for Allen, a determination that laws applicable to New Mexico's state court proceedings would have a substantial impact on Allen's net recovery.

The district's local rule on expert witness fees provides:

> An expert witness fee is not taxable under 28 U.S.C. § 1920 unless the court, *sua sponte* or on motion by a party, appoints an expert and approves the fee amount. an expert witness not appointed by the court will be paid the same fee as a lay witness.

D.N.M.LR-Civ. 54(c)(2).

Expert fees, however, are not taxable under federal law except in limited circumstances. Under 28 U.S.C. § 1920(6), a judge or clerk of the court may only tax as costs the compensation of court-appointed experts. In this case, no party sought nor did the Court appoint any experts, and, therefore, expert fees are simply not taxable.

In Carlton v. Wal-Mart Stores, CIV 99-965 MV/DJS, slip. op. at 8, D.N.M. Feb. 6, 2001, a prevailing party sought to have the court appoint the party's experts after trial so as to tax expert costs. In denying the request, Chief Martha Vazquez wrote:

> The wording of this Rule [Fed. R. Evid. 706] indicates that it deals with appointment of experts prior to trial. *See* United States v. Weathers, 618 F.2d 663, 664 n. 1 (10th Cir. 1980)(*citing* 3 Weinstein's Evidence, 706(02)(1978)(Rule 706 is ordinarily invoked before trial, thus leaving enough time to comply with the Rule's requirements). Nothing in Rule 706 lends support to the proposition that a Court may appoint an expert witness after trial for the purpose of cost-shifting. Plaintiff has pointed to no persuasive authority, and the Court could find none, to support such a proposition.

In federal court, unless the court has appointed an expert, the expert's costs and fees may simply not be taxed.

While the Court recognizes that New Mexico's state law and procedural rules are more liberal, this Court is nonetheless bound by federal law. Moreover, federal law governs the taxation of costs in United States district courts, even where the court's jurisdiction is premised on the diversity of citizenship, as it is in the case at bar. *See* Gobbo Farms & Orchards v. Poole Chemical Co., Inc., 81 F.3d 122, 123 (10th Cir. 1996); *see also* Baicker-McKee, Steven, et al., Federal Civil Rules Handbook 2005 859 (Thomson/West 2005). "[I]t is clear that in §§ 1920 and 1821, Congress comprehensively addressed the taxation of fees for litigation' witnesses, effectively preempting state law on such fees." Garcia v. Wal-Mart Stores, Inc., 209 F.3d 1170, 1177 n. 5 (10th Cir. 2000).

Notwithstanding Allen's invitation that the Court apply New Mexico's law on taxation of costs, the invitation must be respectfully declined.  This is a federal case tried in a federal forum and federal law governs the taxation of costs.  <u>Gobbo Farms & Orchards v. Poole Chemical Co., Inc.</u>

With the Court concluding that federal law applies to the taxation of costs, the Court now reviews Allen's request to tax costs to determine if the costs sought to be taxed are authorized under federal law.

### **Costs Related to Obtaining Medical Records**

Allen seeks an award of $73.21 for obtaining Allen's medical records.  While it was both reasonable and necessary to expend funds to obtain medical records so as to prepare for deposition and trial, neither Fed. R. Civ. P. 54 nor D.N.M.LR-Civ. 54.2 authorize a prevailing party to recover the costs associated with obtaining medical records.  Accordingly, the Court declines to tax costs in the amount of $73.21.

### **Witness Fees and Costs**

Allen requests an award of $75.00 as a witness fee for Officer Mike King to appear at his deposition (February 11, 2005), as well as an additional $75.00 for Officer King's appearance fee at trial (July 27, 2005).  D.N.M.LR-Civ. 54.2(c) limits taxable witness costs to:

(1) Lay Witness.
- (A) The rates for witness fees, mileage and subsistence are set by statute and are taxable if the witness testifies at trial or at a deposition found reasonably necessary to the litigation.
- (B) The witness will be paid the smaller of:
  (i) mileage for the distance from the witness's residence to court; or
  (ii) the *per diem* rate specified by 28 U.S.C. § 1821.

Section 1821 allows a per diem rate of $40.00.  Officer King testified as a lay witness his deposition and at trial.  As 28 U.S.C. § 1821 allows a per diem of $40.00, Allen is entitled to taxable costs of $40.00 for Officer King's deposition testimony, as well as an added $40.00 for his trial testimony.

4

So, too, Anastasia Allen testified as a lay witness and is entitled to a $40.00 fee. While she did travel from her out-of-state home to Albuquerque, New Mexico for trial and incurred travel expenses of $430.79, the district's local rule allows her to be paid the smaller of the mileage from her residence to court or the per diem rate as set out in 28 U.S.C. § 1821. As the per diem rate of $40.00 is smaller than the travel costs of $430.79, Allen is only entitled to be reimbursed the lesser sum of $40.00.

### Deposition Costs

Allen seeks to recover deposition costs for Officer King ($305.57), Angelica Anaya Allen ($473.83) and Dr. Samuel Roll ($362.95). She seeks reimbursement of $1,412.76 associated with those deposition costs. When depositions are used in motion practice or trial, they may be taxed as costs under D.N.M.LR-Civ. 54.2(b).

However, Dr. Roll's deposition was not used in motion practice or at trial, and, therefore, his deposition cost is not taxable. Allen's deposition, however, was used in motion practice relating to the Court's jurisdiction. Thus, her deposition cost of $473.83 is taxable.

Officer King's deposition was also used for summary judgment purposes. The Court will tax Officer King's deposition costs in the amount of $305.57.

### Expert Fees

Allen seeks to recover expert witness fees for Dr. Daniel Kerlinsky, Laurie Hause and Dr. Jack D. Zipper. No party requested that the Court appoint experts in this case and no expert were *sua sponte* appointed by the Court. Moreover, following Chief Judge Vazquez's analysis in <u>Carlton v. Wal-Mart Stores</u>, experts may not be appointed after the fact. Thus, while Allen may recover the $40.00 witness fee for each of these witnesses, she may not recover expert costs. Only lay witness fees are permissible under D.N.M.LR-Civ. 54(2)(c). The Court declines to tax as costs Allen's expert

5

witness fees, but will tax the lay witness fee of $40.00 for each of the three witnesses. D.N.L.R.-Civ. 54.2(c)(D)("An expert witness not appointed by the court will be paid the same fee as a lay witness.")

Allen further seeks recovery of $3,150.00 for preparation time billed by Dr. Kerlinsky to testify as his deposition and trial. It is unclear what portion of these requested costs relate to the time spent in responding to discovery, i.e., preparation for a deposition, and what portion relates to preparation for and testifying at trial. Rule 26(b)(4)(C) provides:

> Unless manifest injustice would result, (1) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spend in responding to discovery . . . . [W]ith respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other parties a fair portion of the fees and expenses reasonably incurred . . . .

Thus, a portion of the costs sought may indeed be taxable under this section. However, without specific allocations of time and purpose, the Court is unable to tax or allocate, as the case may be, the expert preparation fees. Just as clearly, however, is the fact that expert fees are not taxable under federal law. So, too, the consultation fees for Dr. Sarah Brennan and Dr. William Foote are not taxable.

The Court will deny Allen's request to tax expert fees, but will authorize Allen to resubmit a request to tax fees incurred by the expert, if any, under Rule 26(b)(4)(C). Should Allen choose to resubmit a request under this rule, she must do so within ten days.

### Attorney Fees

Allen also seeks to tax some of her attorney's fees incurred in preparing for cross-examination of Dr. Roll. These fees are not taxable costs under either the statute or rule.

### Trial Notebooks and Exhibits

Allen seeks to recover the sum of $257.41 for trial notebooks which were prepared for each

6

juror, as well as the sum of $36.83 for the preparation of various visual aid trial exhibits.

The Court itself directed the parties to prepare individual exhibit books for each juror, for opposing counsel, for the Court and for use by a testifying witness. The costs Allen seeks to tax include the cost of copies, index tabs and exhibit binders. The district's local rule, 54.2(e) provides "The cost for copying an exhibit is taxable when the exhibit is requested by the court . . . ." As these exhibits were prepared at the Court's direction, they are taxable.

Allen's request to tax the sum of $36.83 incurred in making blow-ups of exhibits is denied. The district's local rule 54.2(f) allows costs for photographs of less than 8"x10" in size if the photo was admitted into evidence. The costs for visual aids larger than 8"x10" is not permitted. As the blow-ups in this case exceeded 8"x10," the cost is not taxable.

## **Allowable Taxable Costs**

In sum, the Court determines that Allen may tax the following:

1. A filing fee in the amount of $150.00, as there is no dispute on taxation of that fee;

2. $40.00 witness fee for Anastasia Allen;

3. $40.00 witness fee for Dr. Zipper;

4. $40.00 witness fee for Laurie Hause;

5. $40.00 witness fee for Dr. Kerlinsky;

6. $40.00 deposition witness fee for Officer King;

7. $40.00 trial witness fee for Officer King;

8. $305.57 deposition costs for Officer King;

9. $473.83 deposition costs for Angelica Anaya Allen;

10. $257.41 for trial notebooks.

IT IS SO ORDERED.

8

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge